**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1959**

FANTA SILLAH,

Plaintiff - Appellant,

v.

ALEX M. AZAR, II, Secretary, Health and Human Services; LEIDOS
BIOMEDICAL RESEARCH, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Paula Xinis, District Judge.  (8:16-cv-01441-PX)

Submitted:  July 30, 2019                                    Decided:  August 7, 2019

Before KING and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leslie D. Alderman III, ALDERMAN DEVORSETZ & HORA PLLC, Washington, D.C.,
for Appellant.  Robert K. Hur, United States Attorney, Kelly M. Marzullo, Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland;
Robert R. Niccolini, Ebony Reid Douglas, OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fanta Sillah appeals the district court's order granting Defendants' motions for summary judgment in her civil action for discrimination and retaliation. We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted). To survive summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Sillah v. Azar*, No. 8:16-cv-01441-PX (D. Md. Aug. 9, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2